RICHARD F. HOWE, as Executor, v. W. C. FRY, *et al.*

157 So. 331.

Division A.

Opinion Filed September 18, 1934.

*John R. Montgomery* (Chicago), *F. M. Hudson, H. P. Adair, Hudson & Cason* and *Knight, Adair, Cooper & Osborne,* for Appellant;

*Lilburn R. Railey* and *Brown & Wood,* for Appellees.

PER CURIAM.—The will of the late James' Deering contained a provision reading as follows:

"*Fifth:* I give and bequeath to each servant in my employ at the time of my death the sum of One Hundred Dollars ·($100.00). To each of said servants who has been in my continuous employ for two (2) years prior to my death I give and bequeath an additional Three Hundred Dollars ($300.00) ; to each of said servants who has been in my continuous employ for more than two years (2) prior to my death I give and bequeath an additional Three Hundred Dollars ($300.00) for each year's continuous service beyond two (2) years. To the Executors hereof I give the exclusive right to determine who are my servants at the time of my death, also the number of years' service they have respectively served and the amount of the bequests to which they are severally entitled."

. In an earlier proceedings brought here on appeal, the Justices of this Court were in sharp disagreement as to the construction of this provision of the will as to its application

to particular individuals alleged to have been servants of Mr. Deering at the time of his death. See Howe v. Lowe, 103 Fla. 1196, 133 Sou. Rep. 549, 137 Sou. Rep. 521.

The present appeal is from a final adjudication made by the court below ordering the payment of legacies to the following persons:

(1) W. C. Fry, chief engineer and captain of boats; (2) Ralph Hutcheson, who worked first as a gardener, then in the Deering house, then as a machinist; (3) Ephus Johnson, who was a plumber's helper and thereafter a machinist's helper; (4) Joe Harris, who first worked as a laborer on the Deering grounds, then as a laborer on one of the gangs doing painting, where was engaged on caring for the gardens and lawns, working under a foreman; (5) Moses Johnson, who was employed around the Deering estate as a machinist and plumber's helper in connection with the pump and other machinery; (6) John Smith, who was a general laborer who assisted in clearing the grounds and laying out gardens and who worked under a foreman; (7) W. H. Bethel, who was a gardener of the Deering estate.

In the earlier appeal this Court by a majority of its members held that persons in the status of Paul Ruffo were properly excluded from legacies by the determination of the executor made under the authority vested in him to determine who were the servants of James Deering at the time of his death and the length of their service.

Upon a consideration of the present case, a majority of the Court are of the opinion that it has not been clearly shown that any of the alleged legatees hereinbefore named, except W. C. Fry, Ephus Johnson and Moses Johnson were properly excluded by the executor from the "servant" class as contemplated by the power vested in the executor under the will, therefore the judgment of the County Judge as

affirmed by the judgment of the Circuit Court should be affirmed as to Ralph Hutcheson, Joe Harris, John Smith and W. H. Bethel and reversed as to W. C. Fry, Ephus Johnson and Moses Johnson. The costs of the appeal will be taxed against the executor in view of the circumstance that the construction of the will and of the acts of the executor is primarily for the benefit of the estate, and it was necessary to bring the entire record here in order to obtain the decision herein made.

Let a judgment be entered in accordance with this opinion.

Davis, C. J., and Ellis and Terrell, J. J., concur.

Whitfield, P. J., and Buford, J., concur in the opinion and judgment.

Brown, J., dissents.