RICHARD F. HOWE, as Executor of the Last Will and Testament of James Deering, deceased, v. SAMUEL SANDS, et al.

3 So. (2nd) 723

En Banc

Opinion Filed July 18, 1941

Rehearing Denied September 18, 1941

An Appeal from the Circuit Court for Dade County, W. W. Trammell, Judge.

*Hudson & Chason, Adair, Kent, Ashby & McNatt,*

*F. M. Hudson, Henry P. Adair* and *John M. McNatt,* for Appellant;

*Lilburn R. Railey, Walsh & Ellis* and *Van C. Swearingen,* for Appellees.

PER CURIAM.—A full statement of the facts in this case will be found in Howe v. Sands, *et al.,* 141 Fla. 813, 194 So. 798, wherein we held that the will of James Deering gave his executor exclusive power to determine who were his servants as contemplated by his will. We further held that unless there was showing of bad faith, fraud, or that his determination was arbitrary, it would not be disturbed.

On the going down of the mandate and consideration of the record and the evidence, the executor decided that the fourteen household employees including a gateman and no more were the servants of James Deering as contemplated by his will. The chancellor on consideration of the record reversed the decision of the executor and entered a final decree holding that all the thirty-seven employees named as appellees were the servants of James Deering entitled to inherit under his will and that the action of the executor in reaching a contrary conclusion was arbitrary. The final decree is here for review.

In reaching his conclusion that the executor's determination was arbitrary, the chancellor relied on Howe v. Lowe, 103 Fla. 1196, 133 So. 549, 137 So. 521; Howe v. Fry, 116 Fla. 528, 157 So. 331; and Boyle v. Howe, 126 Fla. 662, 171 So. 667, wherein this Court held certain employees of James Deering to be "servants" under his will, his executor having held to the contrary. The employees in these cases were gardeners, dairymen, and others who furnished flowers, vegetables, and milk for the Deering home and were em-

ployed in or about the home all the time, their duties being very similar to the duties of those found to be servants by the executor.

The executor was a brother-in-law of Mr. Deering, knew his affairs and his wishes about the disposition of his estate. He limited the term "servants" as used in the will to domestic employees who served the household, were subject to call at any time without reference to hours, and traveled with him from place to place. He did not include any of the appellees because they were not attached to the household, were compensated by the day or the hour and were paid for overtime. There was ample supporting evidence to show that this was the intention of Mr. Deering.

There is no testimony to the contrary except that of appellees, W. H. Sands and Gus Calloway. The evidence of these employees was taken when the mandate went down and both testified that Mr. Deering had called them his servants at different times. There was no attempt to overthrow their testimony except to charge that it came too late. The answer to this is that it came in support of their answer to the bill of complaint which was not filed until 1938.

The record has been examined and we have reached the conclusion that the chancellor misapplied the law of the case as pronounced in the previous appeal, that the decision of the executor finds ample support except as to W. H. Sands and Gus Calloway. So it follows that the final decree is affirmed as to them but as to all others, it is reversed.

Affirmed in part and reversed in part.

BROWN, C. J., WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

BUFORD and THOMAS, J. J., dissent.

ADAMS, J., not participating.